UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLISON S. ADORISIO,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.  C06-5609RJB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for June 22, 2007 |

    This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrate Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).  This matter has been briefed by the parties.  The undersigned now submits the following report, recommending that the Court remand the matter for further consideration.

## **INTRODUCTION**

    Plaintiff, Allison Adorisio, was born in 1968.  She is currently 38 years old, and she has obtained her G.E.D. and some college experience.  She has past relevant work experience as a veterinary assistant, a night club manager, a receptionist, a janitor, and a pharmacy assistant.

    Plaintiff filed applications for disability insurance benefits under Title II of the Social Security Act and for Supplemental Security Income payments under Title XVI of the Act on April 16, 2001 (Tr. 74, 75, 214). She alleged disability since February 5, 2001, based on bipolar disorder, GERD (Gastroesophageal Reflux Disease), duodenal peptic ulcer, and irritable bowel syndrome (Tr. 83).  Plaintiff's applications were

1  denied at the initial (Tr. 46, 222) and reconsideration administrative levels (Tr. 52, 227). Plaintiff filed a
2  Request for Hearing on March 21, 2002 (Tr. 55). On May 6, 2003, an ALJ conducted a hearing (Tr.
3  20-41) where Plaintiff appeared and testified.  A vocational expert (VE) also testified at the hearing. On
4  July 23, 2003, the ALJ issued a decision finding Plaintiff not disabled as defined in the Social Security Act
5  (Tr. 10-19).  The Appeals Council denied Plaintiff's request for review (Tr. 9), making the ALJ's decision
6  the Commissioner's final decision. See 20 C.F.R. §§ 404.981, 416.1481, 422.210.

7  Plaintiff filed a Complaint in this Court on December 9, 2003.  On May 3, 2004, based on
8  stipulation of the parties, this Court reversed and remanded the case for further administrative proceedings
9  (Tr. 274-76). On May 26, 2004, the Appeals Council issued its Order remanding the case to the ALJ (Tr.
10  279-81). On February 24, 2005, the ALJ conducted a new hearing (Tr. 322-53) where Plaintiff appeared
11  and testified, represented by an attorney, and a VE again testified. On September 15, 2005, the ALJ issued
12  a decision finding Plaintiff not disabled as defined in the Social Security Act (Tr. 260-71). Plaintiff filed a
13  statement of exceptions (Tr. 259), and the Appeals Council declined jurisdiction (Tr. 255-58),

14  Plaintiff now brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as
15  amended, 42 U.S.C. § 405(g), to obtain judicial review of the final decision denying plaintiff's application
16  for social security benefits.   Specifically, plaintiff raises the following three arguments in support of her
17  challenge of the ALJ's decision: (1) the ALJ erred when he rejected the opinion of Dr. Thurman; (2) the
18  ALJ erred when he rejected the opinion of Dr. Miller; and (3) the ALJ improperly discounted Plaintiff's
19  testimony.

20  **DISCUSSION**

21  The Commissioner's decision must be upheld if the ALJ applied the proper legal standard and the
22  decision is supported by substantial evidence in the record. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th
23  Cir. 1992); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant
24  evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales,
25  402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla
26  but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v.
27  Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational
28  interpretation, this Court must uphold the Commissioner's decision. Allen v. Heckler, 749 F.2d 577, 579

(9th Cir. 1984).

The ALJ is entitled to resolve conflicts in the medical evidence. <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. <u>Walden v. Schweiker</u>, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. <u>Murray v. Heckler</u>, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." <u>Lester v. Chater</u>, 81 F.3d 821, 831 (9th Cir. 1996). In <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion. Here, plaintiff contends the ALJ erroneously considered the medial evidence, particularly the opinions of Dr. Thurman and Dr. Miller.

As directed the by Appeals Council, the ALJ expanded the medical record and reviewed plaintiff's medical history (Tr. 265-268). Plaintiff argues the ALJ improperly rejected the opinion of Dr. Thurman, a psychiatrist who evaluated Ms. Adorisio on December 6, 2004, at the request of the ALJ.(Tr. 265, 297-303). Dr. Thurman diagnosed depressive disorder NOS, alcohol dependence, and personality disorder NOS with borderline anti-social traits, and he assigned a GAF score of 55 (Tr. 300). Dr. Thurman found Plaintiff's personality disorder to be rather prominent with recovery unlikely (Tr. 300). Plaintiff argues the ALJ rejected Dr. Thurman's opinion that Plaintiff would not be able to accept instruction from supervisors and not be able to interact with co-workers. After reviewing the ALJ's decision and the medical record the undersigned agrees that the ALJ improperly considered the opinions of Dr. Thurman and Dr. Miller.

The ALJ explained that he agreed with Dr. Thurman's opinion that Plaintiff was capable of simple repetitive tasks but might have difficulty completing detailed or complex tasks (Tr. 266, 300-01). However, the ALJ disagreed with other of Dr. Thurman's findings. First, the ALJ disagreed with Dr. Thurman's conclusion that Plaintiff would have difficulty accepting instructions from supervisors or

REPORT AND RECOMMENDATION
Page - 3

interacting with co-workers (Tr. 266). The ALJ also disagreed with Dr. Thurman's opinion that Plaintiff would have difficulty performing consistent work activities because of her personality dysfunction and her memory dysfunction (Tr. 266, 301). Dr. Thurman further opined that Plaintiff would likely have some difficulty maintaining regular attendance in the workplace due to her memory dysfunction and degree of irritability (Tr. 301). He doubted that she could complete a full normal workday or workweek without interruptions from her personality disorder, and he found that she might have difficulties in dealing with the usual stresses encountered in competitive work (Tr. 301).

To support his rejection of Dr. Thurman's assessment that Plaintiff would not be able to accept instruction from supervisors and not be able to interact with co-workers, the ALJ stated Dr. Thurman was wrong because it was based on Plaintiff's hostility at the interview, and there was no evidence of hostility elsewhere in the record, when Plaintiff was dealing with her medical providers (Tr. 266). The ALJ rejected the opinion that Plaintiff would have difficulties performing work activities on a consistent basis because the ALJ stated this opinion was inconsistent with Plaintiff's statements that she performed household chores and attended to all of the needs of her children (Tr. 266). The undersigned does not find the reasoning provided by the ALJ sufficient. The medical opinion of the medical expert should not be supplanted by the ALJ's own evaluation of Plaintiff' apparent hostility. In doing so the ALJ has become his own medical expert, and improperly ignored a medical opinion of someone who is trained to observe and evaluate this kind of behavior. Furthermore, the Ninth Circuit has explained in <u>Fair v. Bowen</u>, *supra*, and <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir. 1996), the Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferrable to a work environment where it might be impossible to rest periodically. Here, the ALJ has used the fact that Plaintiff stated she does a certain amount of housework and attends to her parental responsibilities as best she can against her to discredit a medical opinion that indicates she would have a difficult time in a work setting on a consistent basis and without discussing how Plaintiff's household activities would translate to a work setting.

Defendant argues the ALJ's conclusions are also supported by Dr. Thurman's additional opinions as stated in the Medical Source Statement of Ability to do Work-Related Activities (Mental), completed as part of his December 6, 2004 report (Tr. 302-03). The ALJ did not cite or refer to this statement in his

Page - 4

1  decision. Moreover, the statement appears to contain limitations, which although not suggestive of total
2  disability, that are greater than the limitations imposed by the ALJ.

3  The ALJ similarly rejected in part, and accepted in part, Dr. Miller's opinion. Dr. Miller, another
4  consultative examiner, performed a psychological evaluation of Plaintiff on July 23, 2001 (Tr. 152-55).
5  She opined that Plaintiff could probably perform simple and repetitive tasks without special or additional
6  supervision, and accept instructions from supervisors (Tr. 155). Similar to Dr. Thurman, she opined that
7  Plaintiff may have difficulty performing detailed and complex tasks, interacting effectively with coworkers
8  and the public, performing work activities on a consistent basis, completing a normal workday or
9  workweek, and dealing with the usual stress encountered in competitive work (Tr. 155). The ALJ agreed
10 with Dr. Miller's conclusion that Plaintiff could perform simple and repetitive tasks and accept instructions
11 from supervisors and with Dr. Miller's assessment of a global assessment of functioning (GAF) score of
12 55, which is indicative of moderate symptoms or difficulty in social, occupational or school functioning
13 (Tr. 268). However, the ALJ gave little weight to Dr. Miller's opinions on difficulties in performing
14 activities on a consistent basis, completing a normal workday or workweek, and dealing with stress (Tr.
15 268). The ALJ rejected this portion of Dr. Miller's opinion because Dr. Miller did not cite what aspect of
16 her interview with the claimant supported these restrictions and noted that Plaintiff had no difficulty
17 interacting with her family. Again, it is erroneous for the ALJ to equate interaction with Plaintiff's family
18 to working with and interacting with co-workers in a work place setting.

## CONCLUSION

The ALJ's failed to properly evaluate the medical evidence, specifically the opinions of Dr. Miller and Dr. Thurman. In turn, the ALJ also erred in his evaluation of Plaintiff's credibility to the extent that it is based on his review of the medical evidence. <u>Accordingly, the ALJ's denial of benefits, based on the finding that Plaitniff is still capable of performing past relevant work, must be rejected.</u> The matter must <u>be remanded to the administration to reconsider the medical evidence and Plaintiff's credibility. The matter should be assigned to a different ALJ</u>.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v.</u>

REPORT AND RECOMMENDATION
Page - 5

1  Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
2  set the matter for consideration on **June 22, 2007**, as noted in the caption.
3       DATED this 31st day of May, 2007.

                                */s/ J. Kelley Arnold*
                                J. Kelley Arnold
                                U.S. Magistrate Judge

REPORT AND RECOMMENDATION
Page - 6